People v Goodfellow (2025 NY Slip Op 06228)

People v Goodfellow

2025 NY Slip Op 06228

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

CR-23-1177
[*1]The People of the State of New York, Respondent,
v
Brian Goodfellow, Appellant.

Calendar Date:October 3, 2025

Before:Garry, P.J., Pritzker, Fisher, McShan and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (Gregory Storie, J.), rendered January 4, 2023, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
In satisfaction of a 12-count indictment, defendant pleaded guilty to attempted criminal possession of a weapon in the second degree, with the understanding that he would be sentenced, as a second felony offender, to a prison term of 3½ years, to be followed by five years of postrelease supervision. The plea agreement also required that defendant waive the right to appeal. County Court imposed the agreed-upon sentence, and defendant appeals.
We affirm. Defendant's contention that his waiver of the right to appeal is invalid is unpersuasive. County Court advised defendant that the appeal waiver was a condition of his plea agreement, discussed the nature of the appellate process, explained that the appeal waiver was separate and distinct from the trial-related rights that are forfeited by a guilty plea and expressly identified various appellate rights that survive the waiver, and defendant affirmed his understanding thereof. Additionally, defendant executed a written waiver that similarly delineated certain appellate issues that survive the waiver, and the court confirmed that defendant had read the waiver, discussed it with counsel and had no questions (see People v Berry, 236 AD3d 1199, 1200 [3d Dept 2025]; People v Cali, 229 AD3d 940, 941 [3d Dept 2024]). Accordingly, we find that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Patterson, 233 AD3d 1204, 1205 [3d Dept 2024]; People v Mathous, 228 AD3d 1140, 1140 [3d Dept 2024]). Given defendant's valid appeal waiver, he is precluded from challenging the sentence as unduly harsh or severe (see People v Williams, 235 AD3d 1066, 1067 [3d Dept 2025]; People v Thomas-Jandrew, 228 AD3d 1067, 1068 [3d Dept 2024]).
Garry, P.J., Pritzker, Fisher, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.